## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## CHICAGO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | Case Number: 19 CR 226 |
| | ) | |
| v. | ) | |
| | ) | |
| MAREK MATCZUK | ) | |
| Defendant. | ) | |

### MOTION FOR PRE-TRIAL RELEASE

NOW COMES, the Defendant, Mr. Marec Matczuk, by and through his attorneys, Gal Pissetzky and Lawrence Hyman, and moves this Honorable Court for pre-trial release. In support thereof, Mr. Matczuk states as follows.

### BACKGROUND

On February 25, 2021, after a prolonged investigation, the government indicted Mr. Matczuk, and his initial appearance in set for March 4, 2021. Mr. Matczuk was charged with violating 18 USC §§371, 656, and 1005

Despite the fact that Mr. Matczuk is not a flight risk nor a danger to the community and there is a combination of conditions under 18 U.S.C. §3142 which will assure the safety of the community and his presence in court, the government intends to request that this court set a secured bail in the amount of $50,000. Mr. Matczuk now requests that this Court exercise its independent discretion and release him on pre-trial release on his recognizance.

### LEGAL STANDARD

Under the Eighth Amendment of the United States Constitution, "excessive bail shall not be required . . .."  Bail shall only be denied for the strongest of reasons. *Troung Dinh Hung v. United States*, 439 U.S. 1326, 1329 (1978), *quoting Sellers v. United States*, 89 S. Ct. 36, 38 (1968).

1

Under the Bail Reform Act of 1984, a court may deny bail *only* if the government can demonstrate by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community, or by the preponderance of the evidence that no condition or combination of conditions will assure the appearance of a defendant in court. The factors this court considers when determining pre-trial release are outlined in 18 U.S.C. § 3142(g):

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

Importantly, the charges against Mr. Matczuk and the alleged weight of the evidence are "the least important of the various factors" under 18 U.S.C. §3142(g). *Caro*, 2005 U.S. Dist. Lexis 26638 (N.D. Ill 2005) (*quoting United States v. Hammond*, 204 F.Supp.2d 1157, 1165 (E.D. Wis. 2002) (*citing United States v. Chen*, 820 F.Supp. 1205, 1207 (N.D. Cal. 1992) (*quoting United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985)).

In fact, 18 U.S.C. §3142(b) instructs that a court "shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured bond" as long as it will reasonably assure the person's appearance in court and will not endanger the safety of others.

Moreover, under Section 3142(c), if the court determines that release without conditions under section (b) is not appropriate, the court must set conditions of release that are least restrictive. United States v. Orta, 760 F.2d 887 (9th Cir. 1985). Importantly, Section 3142(c)(2) states that the court "may not impose a financial condition that results in pretrial detention of the person." In addition, this matter does not fall under Section 3142(f)(1) or (2), and Mr. Matczuk does not pose a "serious risk" of flight or a "serious risk" that Mr. Matczuk will obstruct justice or threaten prospective witness or juror. Thus, this court should release Mr. Matczuk on his own recognizance as required under 18 U.S.C. §3142(b).

**ARGUMENT**

Mr. Matczuk is a 57-year-old United States citizen, has been living in the Chicagoland area since 1989. He has lived in the same address for over 15 years, along with his wife, Renata, of 28 years, and their 3 adult children. Mr. Matczuk hasn't left the United States for at least 4 years. Mr. Matczuk is not a violent person, the alleged crimes he is charged with are none-violent crime, and he does not have any criminal history whatsoever. In 2019, Mr. Matczuk suffered a stroke and since then his health has been deteriorating. He is overweight, he suffers from high blood pressure, diabetes, sleep apnea, memory loss, and other physical conditions due to the stroke.

In addition to having to battle poor health, Mr. Matczuk is also trying to stay afloat financially. Since his stroke, he has not been able to work and is currently receiving disability pay. Although his wife works as an appraiser, her salary cannot carry the day. Mr. Matczuk's home has been in foreclosure but recently it was settled, yet he cannot make the settlement payments. He owes over $1,400,000 on the home, and is required to pay approximately $6,000 per month on the settlement. To date, his wife was only able to make the January payment. In addition, he owes over $60,000 in credit card debt, and over $12,000 on a car loan. In short, Mr. Matczuk is financially

3

well under-water. Thus, Mr. Matczuk respectfully requests that this court release him pretrial on his own recognizance bond.

If the court determines that a detention hearing is necessary, the government must prove their burden by two separate standards. When demonstrating a risk of flight, the government bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). In evaluating the danger to the community, the government must establish clear and convincing evidence. *United States v. Salerno*, 481 U.S. 739, 742 (1987); 18 U.S.C. § 3142(f). Here, the government will be unable to meet either burden.

Because there is no doubt that Mr. Matcuk does not pose "a serious risk" that he will obstruct justice or threaten a potential witness or juror, we'll turn to whether Mr. Matczuk poses "a serious risk" that he will flee. The answer is absolutely not. The court cannot order detention simply because "there are no conditions that would *guarantee* [Mr. Matczuk's] appearance at trial." *Caro*, 2005 U.S. Dist. Lexis *7, (citing *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985)). Rather, conditions of bond need only reasonably assure safety and appearance. Mere opportunity to flee is not enough to justify detention. *United States v. Chen*, 820 F.Supp. 1205, 1208 (N.D. Cal. 1992). Moreover, Importantly, Section 3142(c)(2) states that the court "may not impose a financial condition that results in pretrial detention of the person."

Despite the pending charges, Mr. Matczuk is unlikely to violate bond conditions, and under 18 U.S.C. § 3142(g)(3) factors Mr. Matczuk is an excellent candidate for pre-trial release. If released on bond, his wife could act as a third party custodian, and this court can order other conditions of release. In addition, Mr. Matczuk knew that he was being investigated by the government for years. He knew that he was a subject of investigation and that will be certainly be indicted in this matter. Yet, Mr. Matczuk did not flee, did not move, did not chance his phone

4

number. On the contrary, he retained an attorney that has been in constant communications with the government every step of the way. He cooperated with the government providing the government thousands of documents. And once he learned of the indictment, he remained exactly where he's been all these years and appeared in court as directed. Mr. Matczuk's behavior, coupled with the factors under 18 U.S.C. § 3142(g)(3), conclusively show he is an excellent candidate for pre-trial release with the least restrictive conditions.

The above detailed circumstances clearly establish that Mr. Matczuk is a person of reputable character, with strong family ties, who has lived in Chicagoland area for many years and was charged with a nonviolent offense. Mr. Matczuk is in no way a flight risk or a danger to potential witnesses or jurors. There are factors that will reasonably assure his presence at trial.

## PROPOSED CONDITIONS OF RELEASE

Mr. Matczuk respectfully requests to be allowed to be released on a recognizance bond. If the court determines that reasonable conditions of release are necessary, Mr. Matczuk will comply with any condition or combination of conditions this Court deems appropriate. If appropriate, Mr. Matczuk could be placed on electronic monitoring or GPS electronic monitoring, along with home detention. Mr. Matczuk proposes his wife as his third party custodian, and she is available to appear before this court and provide any information that she may be asked.

## CONCLUSION

**WHEREFORE**, Mr. Matczuk respectfully requests that this Honorable Court grant his motion for release on a recognizance bond or release with whatever conditions this Court deems appropriate.

Respectfully submitted,

/s/ Gal Pissetzky
Gal Pissetzky

5

Attorneys for Mr. Matczuk
35 E. Wacker Dr, Suite 1980
Chicago, IL 60601
(847)736-7756

/s/ Lawrence H. Hyman
Lawrence H. Hyman
LAWRENCE H. HYMAN & ASSOCIATES
111 West Washington Street
Suite 1025
Chicago, Illinois 60602
(T): (312) 346-6766
(F): (312) 346-9688
(E): hymanlaw@lhyman.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, Gal Pissetzky, hereby certifies that in accordance with Fed.R.Crim.P. 49, Fed.R.Civ.P. 5, and the General Order on Electronic Case Filing (ECF), the

### MOTION FOR PRE-TRIAL RELEASE

was served on March 3, 2020 pursuant to the district court's ECF filers to the following:

Respectfully submitted,

/s/ Gal Pissetzky_____
Gal Pissetzky

7